12L 613
44 573

BROWN'S EXECUTOR *vs.* WILLIAMS ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF OUACHITA.

If a question of fact is raised in the Supreme Court, which is necessary to the decision of the case, the proceedings will be suspended, until it be tried in the court which granted the appeal.

If the right or interest necessary to entitle a party to an appeal be contested, and depends on a fact to be inquired into, the appeal will be suspended for that purpose.

This is an appeal from the judgment of the Court of Probates, homologating and confirming a judicial sale.

The proceedings show, that John Williams, one of the defendants, had been appointed curator of what was supposed to be the vacant estate of the Hon. James Brown, deceased, and obtained an order for the sale of the property of his estate in the parish of Ouachita, and that, at the probate sale thereof, in July, 1836, Isaiah Garrett, Esqr., became the purchaser of two tracts of land. During the same month, Garrett took out a monition, and after the usual advertisements, on the 23d of October following, the said sales were homologated and confirmed, by a definitive judgment of the Probate Court, in accordance with the act relating to monitions, passed March 10th, 1836.

On the 23d August, 1837, Isaac T. Preston, testamentary executor of Brown, residing in New-Orleans, sent up to the parish of Ouachita, an authentic copy of his letters testamentary, dated July 11, 1835, and presented his petition of appeal from said judgment.

WESTERN DIST.
Oct. 1838.

BROWN'S EX'R.
vs.
WILLIAMS ET AL.

The petitioner alleges, that Williams obtained the curatorship of said estate, under the false and fraudulent allegation that it was vacant, and not represented, when in truth and in fact, the succession of said James Brown was opened in the parish and city of New-Orleans, and letters testamentary granted to the petitioner, which are annexed. That said succession is materially injured and prejudiced by the proceedings had under the said curatorship. He, therefore, prays an appeal, and that J. Williams, and Isaiah Garrett be cited in the appeal.

*Downs* and *Copley*, for the appellant, supported the pretensions of the executor of Brown to appeal, and thereby arrest the proceedings by which the property of the estate was illegally ordered to be sold. The sales are a nullity, and cannot be cured by a monition ; it only relates to the form of sales, etc.

*Mc Guire*, for the appellees, moved to dismiss the appeal, because the letters testamentary, by which Preston claims to be executor, are dated the 11th July, 1835, and their authority cannot extend beyond a year, which would expire the 11th July, 1836, without a re-appointment by the Court of Probates. *Louisiana Code,* 1666–7, 1652.

*Martin, J.,* delivered the opinion of the court.

Garrett, having purchased property sold by an order of the Court of Probates, on the application of one Williams, who had procured letters of curatorship on the estate of James Brown, deceased, obtained the homologation of the sale, after publication of a monition, according to the act of the legislature, approved March 10th, 1834. Preston, suggesting that Brown's succession had been opened in the parish of New-Orleans, where he had qualified as testamentary executor, long before Williams was appointed curator, is appellant from the judgment of homologation.

The appellees deny that Preston is executor of Brown's estate, because the year of the executorship, which began on

If a question of fact is raised in the Supreme Court, which is necessary to the decision of the case, the proceedings will be suspended, until it be tried in the court which granted the appeal.

the 11th July, 1835, expired the same day in the following year, and he has not shown a prolongation. The judgment appealed from was rendered the 23d October, 1836.

This being a question of fact, raised in this court, on which we are not authorized to receive evidence, nor to act in the first instance, the proceedings before us must be suspended, until it be tried in the court which granted the appeal. Taylor et al. *vs.* Jeffries's estate, 10 *Louisiana Reports*, 435, 438.

It is, therefore, ordered, adjudged, and decreed, that the case be remanded to the Court of Probates, with direction to the judge, to inquire into the claim of the appellant to the right of appeal. ∎

WESTERN DIST.

*Oct.* 1838.

